May it please the Court, Your Honor. My name is Rostauda Rodriguez, and I am the attorney representing the petitioner, Ms. Veronica Velasco. This is a petition for review from the Board of Immigration Appeals' Affirmation of the Immigration Judge's Denial of Asylum. The BIA made a de novo review, thus we are reviewing the BIA decision. The BIA denied this case for lack of a nexus to the statute characterizing the claim as a personal vendetta by criminals against an individual who has interfered with their illegal enterprise. There are two principal issues in this case that I'd like to address. One of those is whether or not the record compels a finding that Ms. Velasco has a reasonable possibility of persecution on account of a political opinion imputed onto her by the alien smugglers for her work with the U.S. government against their enterprise. Second is, did the BIA fail to consider that this appeal was in fact based on Ms. Velasco's imputed political opinion? Counsel, I note that after the briefing in this case, in June of this year, another panel of our court handed down the decision in Soriano v. Holder. Can you explain how this case can be distinguished from that case's holding that acting as a government informant is not sufficient to make an alien a member of a particular recognized group? Yes, Your Honor. Thank you. The Soriano case does in fact deal particularly with a particular social group and informants. However, we are conceding that Ms. Velasco is not a member of a particular social group based on the fact that she was an informant. So just for the court's knowledge, we would concede that. Thank you very much. I appreciate your concession. Your Honor, we would also like to note that Ms. Velasco was found credible both by the immigration judge and the Board of Immigration Appeals. Thus, we ask that her statements be taken as true. The factual basis for this claim is not at issue. In this case, the BIA ignored the evidence in the record, primarily the state of affairs in Mexico, with respect to alien smuggling and the politics and the fact that the government does share in those efforts as well. There are certain Ninth Circuit and Board presidents that mandate that this case be characterized, in fact, as an imputed political opinion case. The elements in order to prove whether or not there is a well-founded fear of future persecution based on an imputed political opinion is that there is a likelihood that the person will be accused of holding a political opinion or have some beliefs or that her acts are in some way political and that she would be harmed on those bases. And help me understand the imputed political opinion argument. What would the political opinion be? In this case, Your Honor, the political opinion would be that Ms. Velasco does not support the efforts of the alien smugglers, which would be to bring illegal immigrants to the United States. That's a bit of a stretch, is it not? How is that a political opinion vis-à-vis the elected government of Mexico? Normally, when someone has an imputed political opinion, it's because they're guerrillas who are resisting the elected government of a country or they're being persecuted by the guerrillas because they're viewed as adhering or embracing the policies of the government. But here, her opinion is that she's against criminals. It's the efforts of the alien smugglers, Your Honor, which would be to continue bringing people illegally through the border. I don't think I've ever seen a case where we've declared that that could be an imputed political opinion. Can you cite me to any precedent? Not exactly, Your Honor, but I guess we can analyze this case with respect to, for example, the narco-trafficking cases where informants have worked against the cartels and informant with the government to stop their efforts of continuing trafficking. But aren't all of those cases decided on the grounds that the government is unable or unwilling to protect the alien from the narco-terrorists? And for that reason, we declare that there is persecution? Correct, and we would submit that that is the same facts here. The alien smuggling rings are unable to be controlled by the Mexican government. That's evidenced by the state reports. The country reports state that their prosecution is basically almost impossible by the government of Mexico, as well as the government here in the United States, although in this case, obviously, they were able to prosecute the- Was all of that before the BIA? Yes, it was in- In argument? There was argument to that effect by us, by the petitioner, and also by the government, Your Honor. In their brief to the BIA, they also maybe not elaborated as much, but did note that there was a possibility of an imputed political opinion argument. Okay. Your Honor, the main focus of this case is the fact that there is substantial foreign policy on the side of the government and also internal politics of Mexico that would lead any reasonable fact finder to find that this is a political opinion case or a minimum of an imputed political opinion case. I'm still having a hard time with that argument in light of Soriano. I mean, Soriano basically says she doesn't belong to a protected class by virtue of the fact that she's cooperated. And I would note, I think, isn't this the one where she was found hidden in the car? That's correct. She was essentially arrested as a material witness and compelled by the United States government, although her testimony ultimately was not necessary because the smugglers pled guilty before she had to testify. Is that right? That's correct, Your Honor. Okay. In light of Soriano, I guess with Soriano we're looking at mainly whether or not it's a protected class under the particular social group argument. In this case, again, we're trying to show that this is an imputed political opinion as opposed to a particular social group, which obviously would have different – the court would have to view it differently. And mainly that's our reasoning for conceding that she is not a member of that particular social group. No, I understand that. But then I think your answer to my earlier question was you don't have any precedent to support the imputed political opinion argument on these facts. We do, Your Honor. There is, for example, Vera Varela, which is a Peruvian case. In that particular case, a co-op president in a – and before I finish, I'd just like to reserve any additional time for rebuttal. Sure. In that case – We'll give you an extra two minutes in rebuttal because you're responding to questions. Thank you. In that case, Your Honor, it was a co-op president that was working to basically support a construction project that would essentially take street vendors out of the streets and into a building where they would be able to do their businesses. In that case, the Shining Path, which is a guerrilla organization in Peru, was against that because that essentially took them out of the streets, which is what they used to come in and out of the population and, in essence, hide from the authorities. The court in that case particularly cited that this was an imputed political opinion, although there was no political affiliations. The fact that this was an effort from the government to try and thwart the efforts of the Shining Path was considered a political opinion. But wasn't there government sponsorship in that case? Well, the construction project was sponsored by the government. By the government. That's correct, Your Honor. I'm having a hard time drawing the analogy here to actions that are basically taken against criminal actors. I think the fact that Ms. Velasco was acting in conjunction with the government in the prosecution of the alien smuggling is analogous to what the court president in the Vera Varela case was doing, which was maybe not directly. The U.S. government, not the Mexican government. Correct, the U.S. government. Correct, Your Honor. There's also the Briones case. In the Briones case, the court found that a person who sided with one side of a civil conflict against a guerrilla organization was also seen as a political act. There's also the Cardon Garcia case where the court found that there was a presumed affiliation, even though the petitioner in that particular case was teaching literacy, and that was seen as against the guerrilla organizations, which did not want her to do that. Again, in that context, the threats made by one side to a person on one side to a person suspected of being on the other side constituted a political opinion. Okay, well, your time is almost all up, and we're going to give you two minutes for rebuttal. Thank you. Okay, thank you. Thank you. Good morning. May it please the Court, Jessica Sherman on behalf of the respondent, Eric Holder. In this case, the board properly denied asylum and withholding of removal. Ms. Cervantes entered the United States illegally on several occasions. Most recently, she paid alien smugglers and was detained at the border. She then sought asylum on the basis that the people she paid to smuggle her into the United States would seek revenge. The board properly determined that this was not on account of a protected ground. Any harm she would suffer was not on account of a protected ground. Petitioners waived the particular social group finding by the board, and she's now claiming that it was on account of an imputed political opinion. She never raised this claim to the board whatsoever, and so therefore the court does not have jurisdiction to consider it. It's not exhausted. Excuse me, counsel. So you say that petitioner never raised imputed political opinion before the board? No, and not before the immigration judge either. She claims in her brief that it was raised by citing to Aguilar Cota. However, when she cites that case in her brief to the board, she never mentions the word political opinion, imputed political opinion, and absolutely no developed argument on political opinion. On her written asylum application, she only applied for asylum by checking the box for a particular social group, and so I don't understand how, you know, she can claim that this was raised to the board or to the immigration judge.  As a side note, Soriano also, which the government would say is on point here, addressed whether there could be an imputed political opinion on account of testifying or reporting against criminal groups, and the court in that case held that informing against a criminal group is not a political opinion, and I think the reasoning would hold here. Counsel, I have a question for you. Sure. Back on political opinion, on the issue whether it was exhausted to the BIA, are you familiar with the Supreme Court case in Baldwin v. Reese, which deals with a different kind of exhaustion, deals with exhaustion to state Supreme Courts of issues that are going to be presented in federal habeas, where they have to be fairly presented to the state Supreme Court? I'm not familiar with that case, Your Honor. Well, it's an analogy, so if you're not familiar, I won't go into it in depth, but it does say that in that context, like a state Supreme Court is not going to be expected to read anything that's not in the briefs, so that you can't say an issue was presented because it's implicit that the court should have read a case or should have read this or that, and I wondered if that principle had been applied to exhaustion in this context. Well, I believe that when she cited Aguilar-Cota in her brief to the board, she's not citing it for any proposition about imputed political opinion, and it appears that she was articulating a claim based as an employee of the United States government, which she was never an employee of the United States government in this case. Being a material witness does not make you a government employee, but she never articulated it as an imputed political opinion, so yes, I think that under those circumstances, it's not an exhausted claim. If there's any other questions from the panel? Do we have any Ninth Circuit precedent that deals with what's exhausted to the BIA and specifically address the issue on which petitioner makes her contention, that is saying I cited a case to the BIA that included this issue? I'm not aware of any cases that deal with this exact situation, but I think that Ninth Circuit exhaustion law requires that you present a developed argument so that the board is on notice of the issues that are being addressed to the board so that they can adequately address those claims, and in here, just by citing a case, not even mentioning the words political opinion, I don't think that that put the board on notice, particularly when the claim was never raised to the immigration judge. It was never in the asylum application. The case was submitted on the briefs and on the asylum application, but the asylum application indicated she was only seeking asylum on account of a particular social group, so I don't think the agency was ever on notice that she was stating this imputed political claim, and if she wanted to raise it for the first time to the board, she would have needed to file a motion to remand or present some sort of developed argument on imputed political opinion, more than just citing a case in one paragraph. It's on page 16 of the record where she cites to Aguilar-Cota, and that's her whole basis for saying this is an exhausted claim, and I think just citing a case is insufficient. Okay, thank you. Thank you very much. Your Honor, thank you. Counsel, I have the same question for you, whether you're familiar with that Supreme Court case I mentioned, Baldwin v. Reese, and whether its principles on exhaustion would apply to our considering BIA exhaustion. I'm not familiar with the case, Your Honor, to be honest, although from what you've stated, I can see how this Court would be compelled to find that the BIA was on notice of an imputed political opinion argument. I would just like to point out that although on the respondent's brief at the BIA, it wasn't elaborated to the extent that it maybe should have been, the fact is that the BIA was still on notice of the imputed political opinion argument. The government's brief at the BIA specifically stated, although it's not necessary, according to Ninth Circuit, specifically stated an imputed political opinion argument, and that would be on page 23. Was the political opinion argument raised before the IJ? No, Your Honor. Was there any testimony in the record that deals with political opinion defenses? Not that I'm aware of, Your Honor. And it's a matter that is raised for the first time on appeal? That's correct, Your Honor. That's what I thought. Thank you. Thank you. Your Honors, I would just like to finish by saying that the record in this case compels a finding that there is a well-founded fear of future persecution based on a political opinion imputed by the smuggling group to Miss Velasco. The record thus requests that this Court find that Miss Velasco has a well-founded fear of future persecution, remand this case to the BIA to exercise its discretion on the asylum claim at a minimum to address the imputed political opinion argument that was raised by the government and also by the petitioner. Thank you, Your Honor. Thank you very much. The case shall be submitted.
judges: Beezer, Gould, Tallman